IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**TRICO TRANSPORTATION SERVICES, INC.,**<br><br>Defendant. | **CIVIL ACTION NO. 23-1298**<br><br>**JURY DEMAND** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rakeim Senegal ("Senegal"). As alleged with greater particularity below, the defendant, Trico Transportation Services, Inc. ("Defendant"), discriminated against Senegal by withdrawing a conditional offer of employment and refusing to hire him because of his record of a disability and because it regarded him as disabled.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.§ § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction and venue of the United States District Court for the Western District of Louisiana, pursuant to Section 706(f)(3) of Title VII, 42 U.S.C.§ 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA. The Commission is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant is a business corporation incorporated in the State of Louisiana. At all relevant times, Defendant has continuously been doing business in the State of Louisiana and the City of Jennings, in Jefferson Davis Parish.

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, Defendant has continuously been an employer under Sections 101(5) and (7) of the ADA, 42 U.S.C.§ § 12111(5) and (7).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this action, Senegal filed a charge of discrimination with the Commission alleging that Defendant committed violations of the ADA.

8. On February 15, 2022, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting it to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. Thereafter, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On March 8, 2022, the Commission issued Defendant a Notice of Conciliation Failure advising it that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a logistics management and specialty hauling company providing trucking and hauling services for companies in the Lafayette, Lake Charles, and Jennings, Louisiana, areas.

13. Since at least May 2021, Defendant has engaged in unlawful employment practices at its Jennings, Louisiana, facility on the basis of disability in violation of the ADA, 42 U.S.C. § 12112, by rescinding Senegal's job offer and refusing

to hire Senegal because of his disability and based on Senegal's responses to Defendant's post-offer medical inquiry.

    a.    Senegal is a qualified individual with a disability under 42 U.S.C. § 12102. Senegal has a history of musculoskeletal impairment that causes back pain. Prior to seeking employment with Defendant, his impairment substantially limited major life activities including sitting and musculoskeletal function. Senegal has a record of disability within the meaning of the ADA.

    b.    In May 2021, Senegal applied for an open position as a truck driver with Defendant.

    c.    At the time he applied for the position, Senegal had undergone treatment, which ameliorated the symptoms of his impairment. As a result of the treatment, his impairment no longer substantially limited his ability to sit or musculoskeletal function.

    d.    Senegal had the necessary skills, experience and qualifications for the position.

    e.    Senegal was able to perform the essential functions of the position for which he had applied. He was qualified for the position within the meaning of the ADA.

    f.    On or about May 6, 2021, Defendant extended an offer of employment to Senegal.

g. Defendant conditioned Senegal's employment on his passing a drug screen and providing proof that he passed a Department of Transportation physical examination.

h. Defendant also required Senegal to fill out a medical history questionnaire.

i. Senegal passed the drug screen and provided Defendant with proof he passed a Department of Transportation physical.

j. The medical history questionnaire (the "questionnaire") asked Senegal to list any permanent disabilities and to check off whether he currently or previously suffered from eighty-five different conditions, including symptoms such as a sore back, back ache, or back pain.

k. The questionnaire asked about medical information that was not both job-related and consistent with business necessity.

l. Senegal checked off fourteen symptoms listed on the medical history questionnaire, including those that he no longer suffered, based on the questionnaire's instruction to report past conditions.

m. Senegal listed his impairments on the questionnaire and reported that a doctor had not restricted his activities.

n. After returning the questionnaire to Defendant, Senegal did not hear from Defendant about a start date. On May 18, 2021, Senegal inquired with Defendant's Operation Manager, Seth Meche, about when he could begin work.

    o.    Meche, who was responsible for Senegal's hiring, responded that he was waiting to hear from the company's insurance. He explained that they were considering his medical history to be "high[] risk" because Senegal had revealed on the medical history questionnaire a history of pain.

    p.    Approximately two weeks later, Meche informed Senegal that the company could not hire him.

    q.    Defendant revoked Senegal's offer of employment without evidence that Senegal could not safely perform the job functions. Defendant revoked Senegal's offer because Defendant perceived Senegal to have physical impairments and/or due to his record of disability.

    r.    Defendant subjected Senegal to an adverse employment action—withdrawal of its job offer and resulting failure to hire him—because of his record of having a disability and because Defendant regarded him as a person with a disability.

14.    The effect of Defendant's unlawful employment practices complained of above has been to deprive Senegal of equal employment opportunities and otherwise adversely affect his status as an employee because of disability in violation of the ADA.

15.    As a result of Defendant's unlawful actions, Senegal suffered back pay losses, as well as pecuniary and non-pecuniary losses and damages.

16. The unlawful employment acts, omissions, and practices complained of above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1) as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117a.

17. Defendant acted with malice and/or reckless indifference to Senegal's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1) when it engaged in the unlawful employment practices complained of above.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees on the basis of disability within the meaning of the ADA by: refusing to hire or discharging persons because of disability or a record of disability or because it perceives persons as disabled; or discharging or refusing to hire persons without making an individualized determination that the person cannot safely perform essential job functions, with or without reasonable accommodation, due to disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from using the results of any post-conditional offer medical examinations or inquiries in a manner that violates the ADA, including denying employment based on their disability, record of disability, or impairment, without making an individualized

assessment into the individual's ability to perform essential job functions, with or without reasonable accommodation, and without engaging in an interactive process with the individual.

  C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of Defendant's past and present unlawful employment practices.

  D. Order Defendant to provide each of its Human Resources personnel, directors, managers, and other individuals with supervisory authority with training advising them of the requirements and prohibitions of the ADA and Defendant's policies, practices, and programs to provide equal employment opportunities for qualified individuals with disabilities.

  E. Order Defendant to make Senegal whole by providing appropriate backpay with prejudgment interest, other economic damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

  F. Order Defendant to make Senegal whole by providing him compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

H. Order Defendant to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Dated: September 19, 2023
New Orleans, LA


Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel

**Christopher Lage**
Deputy General Counsel

**Rudy L. Sustaita**
Regional Attorney

**Gregory T. Juge**
Assistant Regional Attorney


_/s/_Scott D. Wilson_____
**Scott D. Wilson**
Trial Attorney, Lead

U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2569
Email: scott.wilson@eeoc.gov
Louisiana Bar No. 19835

**Elizabeth Owen**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

**Peter F. Theis**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786

**COUNSEL FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Registered Agent for Service:**
Andrew Lee Guinn, Jr.
1707 Industrial Drive
Jennings, Louisiana 70546