# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 23-1298 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| TRICO TRANSPORTATION, INC. | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

The United States Equal Employment Opportunity Commission ("EEOC") has three motions for relief pending: a motion for partial summary judgment, Record Document 29, a motion for entry of default, Record Document 43, and a motion to strike the answer and enter a judgment of default, Record Document 44. Because Trico Transportation Inc. ("Trico") has willfully disregarded an explicit order and warning from this Court to enroll new counsel, the EEOC's motion to strike the answer and for entry of default is granted. Furthermore, a default judgment will be issued following a hearing to determine the amount of damages. The EEOC's motion for partial summary judgment is denied as moot because the Court grants its ultimate relief in the form of a default judgment.

A corporation cannot appear in federal court unless represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). If a corporation refuses to enroll counsel after a formal warning, courts have the discretion to strike the corporation's pleading and issue a default judgment. *Id.* at 874 ("In virtually every case in which a district court…struck the pleadings of

corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so[.]"); *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)(striking defenses of unrepresented corporation); *D'Arcy Petroleum, LLC v. Mink*, No. 19-2770, 2021 WL 5218223, at *3 (N.D. Tex. Oct. 6, 2021) (collecting cases).

Before issuing a default judgment, however, courts consider several factors, including: whether material issues of fact exist, whether substantial prejudice has occurred, whether the grounds for default are clearly established or would the court "think itself obliged to set aside the default on the defendant's motion," whether a good faith mistake or excusable neglect caused the default, and the harshness of a default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In this case, the Court strikes Trico's answer and directs the clerk to enter a default against Trico for its refusal to enroll counsel. Trico is a corporation, and as such, a licensed attorney must represent it in this lawsuit. Initially, Trico had legal counsel representing it and filed an answer to the EEOC's complaint. Record Document 3. But in April 2025, Trico's attorneys moved to withdraw from the case because Trico had stopped responding to their correspondence. Record Document 19. A few weeks later, the Magistrate Judge held a status conference for the motion to withdraw but Trico failed to appear. Record Document 25.

On August 7, 2025, the EEOC filed a motion for partial summary judgment, but Trico failed to respond. Record Document 29. Then, on September 12, 2025, the Court ordered Trico to file a status report on its efforts to retain new counsel. Record

Document 31. The Court stated explicitly: "[t]he purpose of this order is to warn Trico that failure to find new counsel could lead to a default judgment being imposed." *Id.* The Court further stated: "Trico is warned that failure to appear with new counsel will result in the answer being stricken from the record, and a default judgment being issued upon proper motion." *Id.* Despite this explicit warning, Trico never filed a status report or enrolled new counsel. Because Trico cannot appear without a licensed attorney and has ignored this Court's explicit warning to enroll counsel, the Court strikes Trico's answer from the record and directs the clerk to enter a default against Trico.

Furthermore, a default judgment is an appropriate sanction for Trico's willful disobedience of this Court's orders. *See, e.g.*, *AE Mktg. LLC v. Jenkins-Baldwin Corp.*, No. 07-321, 2013 WL 12226764, at *5 (N.D. Tex. Jan. 2, 2013) ("Entering a default judgment for failure to obtain counsel is not [an] uncommon practice in the federal courts."). Considering the *Lindsey* factors, no genuine dispute of material fact exists because "[w]hen a default has been entered, the factual allegations of the complaint are taken as true." *D'Arcy*, 2021 WL 5218226, at *2 (issuing a default judgment after striking the defendant's answer for refusing to enroll counsel). When accepted as true, the factual allegations of the EEOC's complaint establish that Trico discriminated against Rakeim Senegal because of his disability and violated the Americans with Disabilities Act ("ADA") in refusing to hire him based on his health condition. *See generally* Record Document 1. Moreover, Trico's refusal to enroll counsel, despite explicit warnings, failure to appear at conferences and respond to adverse filings has

3

caused the EEOC prejudice because it has effectively halted the litigation, clearly establishes the grounds for default, and indicates that Trico has ignored this litigation not out of a "good faith mistake" but instead as a "brazen defiance" of the Court's orders. *D'Arcy*, 2021 WL 5218223, at *3.

However, before the default judgment can be issued, an evidentiary hearing is needed to determine damages. Federal Rule of Civil Procedure 55(b)(2)(B) authorizes the Court to conduct a hearing when it needs to "determine the amount of damages" to "enter or effectuate judgment." In this case, as the EEOC has admitted, the damages are not readily calculated from the allegations of the complaint. Record Document 44-1 (requesting "that this Court issue a judgment…in an amount to be determined by hearing[.]"); *Cf. F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 20-269, 2021 WL 5883136, at *4 (N.D. Tex. Dec. 10, 2021) ("A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing 'where the amount claimed is a liquidated sum or one capable of mathematical calculation."). Therefore, a default judgment will be issued upon conclusion of the evidentiary hearing to determine the EEOC's damages.

**DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of March, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

4