**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 23-1298 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| TRICO TRANSPORTATION SERVICES, INC. | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM RULING**

Before the Court is the EEOC's claim for damages following this Court's entry of default against Defendant Trico Transportation, Inc.

**I.    Factual Background and Procedural History**

On September 19, 2023, the United States Equal Employment Opportunity Commission ("EEOC") filed a complaint against Trico Transportation, Inc ("Trico") under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rakeim Senegal ("Senegal"). Record Document 1.

Trico was a trucking and hauling company that extended an offer to hire Senegal as a driver on May 6, 2021. *Id* at 4. Prior to beginning work, Senegal filled out a health questionnaire and Trico withdrew the offer of employment because Senegal had a perceived disability, *i.e.*, a prior history of lower back pain. *Id* at 6. Initially, Trico had legal counsel representing it and filed an answer to the EEOC's

complaint. Record Document 3. But in April 2025, Trico's attorneys moved to withdraw from the case because Trico had stopped responding to their correspondence. Record Document 19. Thereafter, Trico did not engage new counsel, refused to participate in this litigation, and has repeatedly disregarded explicit orders and warnings from the Court. Therefore, the Court struck Trico's answer from the record and directed the clerk to enter a default against Trico. Record Documents 55 and 56. The only issues remaining before the Court pertain to damages and injunctive relief.

## II.    Analysis.

A default judgment is a judgment on the merits that conclusively establishes liability, but it does not establish damages, which must be supported by evidence. *United States for use of M-CO Construction, Inc.  v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). At the time the EEOC moved for default, it noted that damages were not readily calculated from the allegations of the complaint and asked the Court to schedule an evidentiary hearing. Record Document 44-1 (requesting "that this Court issue a judgment … in an amount to be determined by hearing[.]"). Ordinarily, before the default judgment can be issued, an evidentiary hearing is needed to determine damages. Federal Rule of Civil Procedure 55(b)(2)(B) authorizes the Court to conduct a hearing when it needs to "determine the amount of damages" to "enter or effectuate judgment."

The Court scheduled an evidentiary hearing for June 25, 2026. In its Court-Ordered Pre-Hearing Memorandum Concerning Relief, the EEOC noted "the Court

may prefer to decide the appropriate relief in this matter based on declarations supporting backpay and compensatory damages rather than a live evidentiary hearing."[1] Record Document 57 at 7. The Court agrees that the EEOC Complaint (which is considered proven since Trico's answer was stricken from the record), its Memorandum Concerning Relief, and its supporting declarations provide sufficient detail, rendering a hearing unnecessary. *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993)(if damages can be determined with certainty from the pleadings and supporting documents, they may be awarded without a hearing); *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 20-269, 2021 WL 5883136, at *4 (N.D. Tex. Dec. 10, 2021) ("A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing 'where the amount claimed is a liquidated sum or one capable of mathematical calculation.'")(quoting *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998)). In this case, the EEOC seeks $13,600.00 in backpay, $4,834.26 in prejudgment interest on such backpay, and $50,000 in total compensatory and punitive damages, for a combined monetary award of $68,434.26.

### A.    Backpay and Interest.

Backpay accrues from the date of the discriminatory conduct until the date of the Court's judgment, offset by any interim earnings or unemployment insurance received. *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 886 and

---

[1] In asking the Court to determine compensatory and punitive damages based on the pleadings and supporting documentation, the EEOC explicitly waived its rights to a jury trial pursuant to 42 U.S.C. § 1981a. Record Document 57 at 12.

890 (S.D. Tex. 2009). In this case, the EEOC can seek backpay for Senegal from June 3, 2021, (the day Trico revoked his employment offer) through March 25, 2026 (the date of the default judgment), which amount will be offset by Senegal's total earnings during that period. Record Document 1 and 56. Since Senegal obtained new employment in November of 2021 and remained employed thereafter through the judgment date, the EEOC is only seeking five months of backpay plus interest for his unemployed months of June 2021 through October 2021. Record Document 57 at 13.[2]

In support of its request for backpay and prejudgment interest, the EEOC presents a straightforward mathematical computation based on facts drawn from Senegal's declaration, which discusses his employment history after Trico's recission of its employment offer. *See* Record Documents 57-1 and 57-2. According to Senegal's declaration, Trico offered him $17 per hour. Record Document 57-1 at 2. Based on this hourly rate, the EEOC used an internal software program called PayCalc to calculate backpay and interest. Record Document 57 at 14. According to the PayCalc worksheet, from June 2021 to October 2021, Senegal would have been paid $13,600 in salary and is entitled to interest in the amount of $4,834.26. Record Document 57-2 at 3. The Court finds the use of the PayCalc software to be reasonable and awards backpay and interest in the amount of $18,434.26.

### B.    Compensatory Damages.

"Judgments regarding noneconomic damages are notoriously variable." *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996). Under the ADA, a plaintiff

---

[2] There is no evidence in the record of Senegal having received any unemployment insurance payments during that five-month period.

may be awarded compensatory damages upon a showing of emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses suffered as a result of the discriminatory violation. 42 U.S.C.A. §1981a(b)(3). To be eligible for compensatory damages, a plaintiff must establish "a discernible injury to the victim's mental state and submit evidence regarding the nature and extent of the alleged harm." *EEOC v. WC&M Enterprises, Inc.*, 496 F.3d 393, 402 (5th Cir. 2007)(citing *Vadie v. Miss. State Univ.*, 218 F.3d 365, 376 (5th Cir. 2000)). A claimant's testimony, without more, may support an award of compensatory damages for emotional distress. *Id.*; s*ee also, Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1046-1047 (5th Cir. 1998)("Mental anguish damages may be appropriate where the plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation, and does not always require that the plaintiff offer medical evidence or corroborating testimony in addition to her own testimony.").

Here, Senegal proffers his own sworn declaration to substantiate his non-pecuniary damages (Record Document 57-1), wherein he cites emotional distress caused by financial difficulties arising from his unemployed status that included having to borrow money, pawn personal possessions, and even collecting scrap metal to sell, as well as missed rent and insurance payments. *Id.* at 3. He details the difficulties he experienced supporting his disabled fiancée, and emotional difficulties including mood swings, depression and anger that affected his relationship with family and friends. *Id.* While sufficient to support some award of compensatory damages, absent corroborating testimony or evidence from medical professionals, the

Court cannot justify awarding the $25,000 requested by the EEOC. Accordingly, the Court awards Senegal $10,000 in compensatory damages as recompense for his financial and emotional difficulties arising from Trico's discriminatory actions.

### C.    Punitive Damages.

To be entitled to punitive damages, Senegal must show that Trico's actions displayed malice or reckless indifference to the federally protected rights of the victim. 42 U.S.C.A. §1981a(b)(1). The terms "malice" and "reckless" both relate to the actor's state of mind, and importantly "pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 535 (1999). Meaning, sometimes discriminatory intent is excused if the actor does not realize he is acting against federal law, or otherwise genuinely believes his actions fall outside of federal law. *Id.* at 537 ("an employer may reasonably believe that its discrimination satisfies a bona fide occupational qualification defense or other statutory exception to liability").

In this case, the EEOC cites to Trico's Operations Manager's statement for explanation as to why Trico elected to rescind its employment offer, noting "as a truck driver pulling himself into the truck and riding rough roads all day, this job would only have irritated and flared up his self-admitted medical issues." Record Document 57 at 17-18. It appears that Trico based its decision on perceived occupational qualifications rather than animus towards persons with medical issues. It may have intended to discriminate against potential truck drivers with back problems, but such

6

testimony does not reflect malicious intent to violate, or any knowing or reckless risk it may be violating the ADA. Accordingly, the Court declines to award punitive damages.

### D.    Injunctive Relief.

Unlike other circuits, (*see, e.g., EEOC v. MSDS Consultant Services, LLC*, 2021 WL 2634571, at \*6 (D. Md. 2021)(noting that injunctive relief following a default judgment is discretionary)), in the Fifth Circuit such injunctive relief is mandatory when the plaintiff has pleaded for such relief and there is not "clear and convincing proof of no reasonable probability of further noncompliance with the law". *EEOC v. Boh Bros. Construction Co.*, 731 F.3d 444, 469-70 (5th Cir. 2013)(quoting *EEOC v. Service Temps, Inc.*, 679 F.3d 323, 338 n.53 (5th Cir. 2012)(collecting cases). Further, the burden of negating such probability lies with Trico. *Service Temps, Inc.* 479 F.3d at 338 n.53 (citing *EECO v. Rogers Bros., Inc.* 470 F.2d 965, 966-67 (5th Cir. 1972)). As Trico has not proffered any evidence, let alone evidence conclusively showing it will not further discriminate, the Court must grant injunctive relief in this case.

When granting injunctive relief, "the scope of injunctive relief is dictated by the extent of the violation established" and such relief "should be no more burdensome to the defendant than necessary." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Accordingly, the Court shall issue a narrowly tailored permanent injunction by separate judgment.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Court **GRANTS** the EEOC's Motion for Default Judgment against Trico Transportation, Inc.;

**IT IS FURTHER ORDERED** that judgment is entered against Trico Transportation, Inc. in the total amount of $28,434.26, comprising $13,600.00 in net backpay, $4,834.26 in prejudgment interest on backpay, and $10,000.00 in compensatory damages under 42 U.S.C. § 1981a;

**IT IS FURTHER ORDERED** that this judgment is designated as final within the meaning of Rule 54 of the Federal Rules of Civil Procedure; and

**IT IS FURTHER ORDERED** that this Court **GRANTS** the EEOC's request for injunctive relief, to be entered by separate judgment.

**DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE